1

2

3

4

5

6        **UNITED STATES DISTRICT COURT**

7        **WESTERN DISTRICT OF WASHINGTON**
         **AT SEATTLE**

8
MOHAMMED JAWARA,                           NO.  C09-917-RAJ-JPD
9
                          Petitioner,
10
11           v.                            REPORT AND
                                           RECOMMENDATION
12    A.  NEIL CLARK, Field Office Director,
      U.S. Immigration and Customs
13    Enforcement,

14                        Respondent.

15

16           On July 2, 2009, petitioner, proceeding pro se, filed a Petition for Writ of Habeas

17    Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and

18    Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington.

19    Dkt. No. 6.  Petitioner requests that this Court issue an order commanding his release from ICE

20    custody, arguing that such custody violates his due process rights.[1]  *Id*. at 1.  On September 3,

21
      2009, however, respondent filed a Return Memorandum and Cross-Motion to Dismiss along
22
      with documentation, indicating that petitioner was released under an Order of Supervision on
23
24    September 2, 2009, and is no longer detained by ICE.  Dkt. No. 13, Exs.  Respondent asserts

25    ───────────────────
              [1] On August 21, 2009, petitioner filed a second Petition for Writ of Habeas Corpus in
26    this case seeking the same relief, which was docketed as a Motion for Order Commanding his
      Release from Custody.  Dkt. No. 12.


REPORT AND RECOMMENDATION - 1

that because petitioner has been accorded all the relief sought in his habeas petition – release from ICE custody – his Petition for Writ of Habeas Corpus is now moot and should be dismissed. Dkt. No. 13.

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner is no longer detained by ICE, the Court finds that petitioner's habeas petition should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 14th day of September, 2009.

_James P. Donohue_

JAMES P. DONOHUE
United States Magistrate Judge